STATE OF NEW JERSEY, PHILIP REEVES, A POLICE OFFICER OF THE TOWN OF BLOOMFIELD, (PROSECUTOR), DEFENDANT-RESPONDENT, v. CHRISTOPHER MOWEL (DEFENDANT), PROSECUTOR-APPELLANT.

Submitted October 25, 1935—Decided January 31, 1936.

For the appellant, *Sam Weiss.*

For the respondent, *William A. Wachenfeld,* prosecutor of the pleas (*C. William Caruso,* assistant prosecutor, on the brief).

PER CURIAM.

We affirm the judgment of the Supreme Court for the reasons stated in the opinion filed therein, except that we find it unnecessary to determine whether the learned trial judge of the Essex County Court of Special Sessions, erred in admitting in evidence over objection of counsel for the appellant, a typewritten card or ticket of the motor vehicle department, entitled "Magistrate's Report of cases tried under the Motor Vehicle and Traffic acts," and also a certificate of the commissioner of motor vehicles, as proof of a prior conviction of the appellant of the offense of operating a motor vehicle while under the influence of intoxicating liquor.

Section 14, subdivision 3 of the Motor Vehicle act, *Pamph. L.* 1921, *ch.* 208, as amended by chapter 171, *Pamph. L.* 1931 (at *p.* 368), provides that:

"* * * Any person who shall violate this provision, having been convicted of a previous violation thereof, shall be imprisoned for a term of three months, and shall forfeit his right to thereafter operate a motor vehicle over the highways of this state * * *.

"Any person who has been, in fact, convicted of a previous violation of this section, need not be charged as a second offender in the complaint made against him in order to render him liable to the punishment imposed by this section upon a second offender."

We do not consider that proof of appellant's conviction of a previous violation of the act was an essential requirement to prove his guilt of the charge for which he was being tried. It was not necessary under the statute to charge it and, therefore, not necessary to prove it. As was said by Mr. Justice Perskie, speaking for the Supreme Court in the recent case of *State* v. *Rowe*, 116 *N. J. L.* 48, "the former conviction had nothing whatever to do with the guilt or innocence of the prosecutor on the instant charge. Nor was he tried on the former charge. The former conviction was relevant, in so far as the law made it so, on the question of punishment only."

The reasons for reversal filed in the Supreme Court and the grounds of appeal filed in this court challenge only the legality of the conviction of appellant. They do not question the propriety of the trial court imposing a sentence on the appellant as a second offender.

There was included in the return to the writ of *certiorari*, which was before the Supreme Court, and is before this court, the record of the conviction of the appellant in the Recorder's Court, and it recited the fact that the appellant had pleaded guilty to having been convicted of a previous violation of the subdivision, section and act in question. This record was not challenged. The appellant did not deny his previous conviction, in fact did not even testify in the Special Sessions Court nor was any testimony offered in his behalf.

We find no error in the judgment of the Supreme Court affirming the conviction of the appellant in the court below.

*For affirmance*—THE CHANCELLOR, LLOYD, CASE, DONGES, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 10.

*For reversal*—HEHER, J. 1.