GIORDANO, Petitioner, v. ALVIS, Warden, Respondents.

Ohio Appeals, Tenth District, Franklin County.

No. 5660. Decided May 29, 1957.

Joseph Giordano, No. 87062, Columbus, on behalf of himself.
William Saxbe, Atty. Genl., William M. Vance, Asst. Atty. Genl., Columbus, for respondents.

**OPINION**

By THE COURT.

This is an action in habeas corpus wherein the petitioner is seeking his release from the custody of the respondent, who is Warden of the Ohio Penitentiary, for the alleged reason that the indictment does not state an offense.

The record reveals that the petitioner was indicted under the Habitual Criminal Act (§13744-1 GC), by the grand jury for Columbiana County at its April Term, 1947; that he was found guilty of the charge and sentenced to the Ohio Penitentiary and to be kept at hard labor until legally discharged.

It will be noted that the indictment charges three prior convictions, to wit:

(1) Robbery in the year 1947;
(2) Burglary in 1934; and
(3) Assault with intent to rob in 1939,

but it contains no allegation that he had ever been in prison for any of these offenses. He relies upon the case of **Blackburn v. State, 50 Oh St 428**, which fully supports his contention. However, since this decision the statute has been amended and such an allegation is no longer required. Sec. 13744-1 GC, at the time of the return of the indictment in 1947 provided:

"A person convicted in this state of * * *, who shall have been previously two times convicted of any of the hereinbefore specified felonies separately prosecuted and tried therefor, either in this state or elsewhere, shall be adjudged an habitual criminal * * *."

At the time of the Blackburn decision the court had under consideration the Habitual Criminal Act of May 4, 1885, 82 Ohio Laws, 237. This Act provided:

"Every person who, after having been twice convicted, sentenced and imprisoned in some penal institution for felony, whether committed heretofore or hereafter, * * * shall be convicted, sentenced, and imprisoned in the Ohio Penitentiary for felony hereafter committed, shall be deemed and taken to be an habitual criminal * * *." (Emphasis ours.)

We are therefore of the opinion that the indictment properly charges an offense, and the application for a writ shall be denied.

PETREE, PJ, BRYANT and MILLER, JJ, concur.