THE STATE OF OHIO, APPELLEE, *v.*
CICHY, APPELLANT.

(No. L-84-008—Decided May 25, 1984.)

*M. Scott Ramey,* for appellee.
*Edward L. Van Gunten,* for appellant.

RESNICK, J. This is an appeal from the Sylvania Municipal Court. The facts precipitating this appeal are rather straightforward, and are briefly set forth below.

On May 3, 1983, the appellant herein, Daniel D. Cichy, Jr., was arrested and charged with violating R.C. 4511.19,[1] driving while intoxicated. On

---

[1] R.C. 4511.19, in pertinent part, states:
"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state if any of the following apply:

May 6, 1983, appellant pled not guilty, which plea was withdrawn by appellant on December 15, 1983. Also on that date, appellant entered a plea of no contest as to the offense charged and the trial court then found appellant guilty of violating R.C. 4511.19.

The trial court, upon examination of appellant's driving record, found that appellant had been convicted of violating R.C. 4511.19 more than once within the five-year period immediately preceding the present offense. Consequently, the trial court sentenced appellant to thirty consecutive days of incarceration, fined appellant in the amount of $300, together with assessing appellant with court costs of $28, and suspended appellant's driver's license for a one-year period. Significantly, the trial court held that pursuant to R.C. 4511.99[2] and 4507.16, the sentence imposed upon appellant was mandatory. The trial court then stayed imposition of the entire sentence pending the outcome of the instant appeal.

Appellant presents for our review the following sole assignment of error:

"A sentencing judge is not required to sentence as a repeat offender a person convicted of driving while intoxicated when the affidavit setting forth the offense does not charge the defendant as a repeat offender."

Appellant contends under his sole assignment of error that in order to be

"(1) The person is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse;

"(2) The person has a concentration of ten-hundredths of one per cent or more by weight of alcohol in his blood;

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;

"(4) The person has a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his urine."

[2] R.C. 4511.99 materially states:

"(A) Whoever violates section 4511.19 of the Revised Code is guilty of a misdemeanor of the first degree, in addition to the license suspension or revocation provided in section 4507.16 of the Revised Code.

"(1) If the offender has not been convicted, within five years of the offense, of a violation of section 4511.19 of the Revised Code, a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or both, or of section 2903.06 or 2903.07 of the Revised Code in a case in which the jury or judge found that the offender was under the influence of alcohol, a drug of abuse, or both, he shall be sentenced to a term of imprisonment of three consecutive days and may be sentenced to a longer term of imprisonment.

In addition, the offender shall be fined not less than one hundred fifty nor more than one thousand dollars.

"(2) If the offender has been convicted, within five years of the offense, of a violation of section 4511.19 of the Revised Code, a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or both, or of section 2903.06 or 2903.07 of the Revised Code in a case in which the jury or judge found that the offender was under the influence of alcohol, a drug of abuse, or both, he shall be sentenced to a term of imprisonment of ten consecutive days and may be sentenced to a longer term of imprisonment. In addition, the offender shall be fined not less than one hundred fifty nor more than one thousand dollars.

"(3) If the offender has been convicted, within five years of the offense, of more than one violation of section 4511.19 of the Revised Code, a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or both, or of section 2903.06 or 2903.07 of the Revised Code in a case in which the jury or judge found that the offender was under the influence of alcohol, a drug of abuse, or both, he shall be sentenced to a term of imprisonment of not less than thirty consecutive days nor more than one year. In addition, the offender shall be fined not less than one hundred fifty nor more than one thousand dollars."

sentenced as one who had violated R.C. 4511.19 within five years preceding the instant offense, the affidavit charging him with violating R.C. 4511.19 must have set forth this fact. It is not disputed that the affidavit which charged appellant with the present violation of R.C. 4511.19 did not specifically set forth the fact that appellant had been convicted of violating the statute within five years of the present offense. For the reasons set forth below, we determine appellant's argument to be totally without merit and, therefore, affirm the conviction and sentence which the trial court has imposed.

Appellant relies on a trilogy of Supreme Court cases for the proposition that a person may not be subjected to an enhanced penalty for a second offense unless the charging instrument avers that the present offense is a second or subsequent offense. See *State* v. *Henderson* (1979), 58 Ohio St. 2d 171 [12 O.O.3d 177]; *State* v. *Gordon* (1971), 28 Ohio St. 2d 45 [57 O.O.2d 180]; *State* v. *Winters* (1965), 2 Ohio St. 2d 325 [31 O.O.2d 581]. Upon a superficial perusal of these cases, appellant's argument appears to be supported by these decisions. A closer examination of appellant's cited authority, however, reveals that reliance upon them for support of appellant's argument would be severely misplaced and completely flawed.

In each case upon which appellant relies, the prior conviction constituted an element of the offense with which the offender had then been charged. *Henderson, supra,* involved R.C. 2913.02(B), which states that "if the offender has previously been convicted of a theft offense, [then] * * * violation of this section is [grand] theft." Thus, the conviction of a prior theft offense is an element of grand theft, a fourth degree felony, under the provisions of R.C. 2913.02. Similarly, *Gordon, supra,* addressed the subsequent unauthorized use of a motor vehicle in violation of R.C. 4549.04. This statute (and its corresponding penalty section in R.C. 4549.99), although repealed as of January 1, 1974, was similar in part to R.C. 2913.03, which pertinently states in Section (D) that "[i]f the offender has previously been convicted of a violation of this section or of any other theft offense, violation of division (A) of this section is a felony of the fourth degree." In the same vein, *Winters, supra,* addressed the Habitual Criminal Act (R.C. 2961.11 and 2961.12, since repealed), which required, as a prerequisite to conviction under this Act, that the offender have three or more convictions of certain enumerated offenses. See, also, *Blackburn* v. *State* (1893), 50 Ohio St. 428.

Although it is true that if a former conviction is part and parcel of, and one of the elements of the alleged second offense, then in order to convict the alleged offender of the second offense, the first offense must be made out by the requisite degree of proof. *Byler* v. *State* (1927), 26 Ohio App. 329, 333. This is not, however, the principle which is presented to us in the case *sub judice.*

A conviction under R.C. 4511.19 does not, in any way, depend upon proof of a prior conviction of that or any other statute. Likewise, appellant's guilt or innocence does not turn on whether or not he was ever convicted of violating R.C. 4511.19. Thus, a conviction under this statute is not precluded by the state's failure to prove a prior conviction. The prior conviction, therefore, is not a necessary element of the offense with which appellant was charged. Cf. *State* v. *Simpson* (1969), 20 Ohio App. 2d 336, 337 [49 O.O.2d 458]; *State* v. *Bowman* (1962), 116 Ohio App. 285, 287. A former conviction is, however, a factor which is to be considered in imposing sentence upon an offender of R.C. 4511.19. R.C. 4511.99(A)(2) and (3). See *People* v. *Mellor* (1942), 302 Mich. 537, 540, 5 N.W. 2d 455, 456; *State* v. *Mowel* (1936), 116 N.J. Law 354, 184 A. 620.

Finally, if a person convicted of violating R.C. 4511.19 has a prior conviction as outlined in R.C. 4511.99, the trial court has no choice but to impose the minimum sentence mandated by R.C. 4511.99. This is the clear intent of the legislature, as evidenced by the use of the word "shall" throughout R.C. 4511.99(A)(1), (2) and (3). See *Dorrian* v. *Scioto Conserv. Dist.* (1971), 27 Ohio St. 2d 102 [57 O.O.2d 58], paragraph one of the syllabus.

Based on the foregoing, appellant's sole assignment of error is not well-taken. The judgment of the Sylvania Municipal Court is hereby affirmed. This case is remanded to said court for execution of sentence and assessment of costs. Cost to be assessed against appellant.

*Judgment affirmed.*

CONNORS, P.J., and HANDWORK, J., concur.