THE STATE OF OHIO [CITY OF CUYAHOGA FALLS], APPELLEE, *v.* FOX, APPELLANT.

(No. 12823—Decided May 13, 1987.)

*Gerald L. Pursley,* law director, for appellee.

*Antonios C. Scavdis,* for appellant.

*Per Curiam.* Gretchen P. Fox appeals her jury · trial conviction and sentence for driving under the influence of alcohol or drugs. She claims the jury was improperly informed that she had a prior conviction for the same offense which denied her a fair trial. We agree and remand.

The verdict form submitted to the jury contained the phrase, "*operating under the influence of alcohol/drugs w/prior Conv. 4511.19 ORC,*" in its descriptive heading. On its reverse side and opposite the signature lines for the jurors attesting the verdict were the words, "*operating M/V Under the influence of alcohol/drugs w/prior conviction.*"

We do not have a transcript of the proceedings before us. The balance of the record does not reveal whether the verdict form was seen and approved by either the judge or trial counsel before its submission to the jury. We can only assume it was prepared at the direction of the judge and unwittingly the typist copied the phrase relating to a prior conviction from other documents.

Justice Douglas writing for our Supreme Court in *State v. Allen* (1987), 29 Ohio St. 3d 53, 55, 29 OBR 436, 438, 506 N.E. 2d 199, 201, said:

"The existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule. The undeniable effect of such information is to incite the jury to convict based on past misconduct rather than restrict their attention to the offense at hand. For this reason, we do not consider the trial court's admonitions to the jury that appellee's prior convictions are immaterial to his guilt of the present charge sufficient to cure the error. Nor are we persuaded that appellee would have been convicted absent the disclosure to the jury of appellee's two prior convictions. See *State v. Bayless* (1976), 48 Ohio St. 2d 73, 2 O.O. 3d 249, 357 N.E. 2d 1035, paragraph seven of the syllabus, vacated in part on other grounds (1978), 438 U.S. 911."

See, also, *State v. Cichy* (1984), 18 Ohio App. 3d 6, 18 OBR 30, 480 N.E. 2d 90; *State v. Curry* (1975), 43 Ohio St. 2d 66, 72 O.O. 2d 37, 330 N.E. 2d 720; *State v. Sink* (Aug. 28, 1985), Summit App. No. 11756, unreported.

The assignment of error is sustained, the judgment of conviction is vacated, and this cause is remanded for a new trial.

*Judgment accordingly.*

MAHONEY, P.J., BAIRD and GEORGE, JJ., concur.