The STATE of Ohio, Appellee,

v.

TANIGUCHI, Appellant.

[Cite as *State v. Taniguchi* (1994), 96 Ohio App.3d 592.]

Court of Appeals of Ohio,
Franklin County.

No. 94APA02–160.

Decided Aug. 30, 1994.

*Michael Miller*, Franklin County Prosecuting Attorney, and *Joyce S. Anderson*, Assistant Prosecuting Attorney, for appellee.

*Terry K. Sherman*, for appellant.

JOHN C. YOUNG, Judge.

Appellant, Jay K. Taniguchi, was indicted by the Franklin County Grand Jury as follows: five counts of forgery, in violation of R.C. 2913.31; two counts of receiving stolen property, in violation of R.C. 2913.51; one count of possession of criminal tools, in violation of R.C. 2923.24; and two counts of having a weapon while under disability, in violation of R.C. 2923.13. Appellant's motion to dismiss the two counts of having a weapon while under disability was granted by the trial court. The matter proceeded to trial and the jury ultimately convicted appellant on all eight remaining counts. Following sentencing, appellant filed a notice of appeal in this court.

Appellant alleges the following assignments of error:

"Assignment of Error No. 1:

"The trial court committed reversible error by overruling defendant-appellant's objection to the admission of prior conviction entries in their entirety.

"Assignment of Error No. 2:

"The trial court committed reversible error by admitting, over objection of defendant-appellant, statements of alleged co-defendants through an investigator prior to establishing the existence of a conspiracy; and in violation of Evid. R. 801.

"Assignment of Error No. 3:

"The conduct of the prosecutor in closing statements was so improper as to prejudice substantial rights of the defendant."

■ In his first assignment of error, appellant argues that the trial court erred in allowing the prosecutor to admit the entries from his prior convictions into evidence. A certified copy of the judgment entry of the prior conviction together with evidence identifying the defendant named in the entry as the offender in the case at bar is sufficient to prove that prior conviction. See R.C. 2945.75(B). Pursuant to R.C. 2913.51(B), proof that appellant had two prior theft convictions would elevate a conviction of receiving stolen property to a third degree felony. Therefore, the state needed to prove that appellant had two prior convictions at trial.

This court notes that appellant's defense counsel did not stipulate to appellant's two prior theft convictions. Therefore, it became necessary for the prosecutor to prove those convictions by some other means. As R.C. 2945.75(B) provides, the certified copy of the prior judgment entries and evidence identifying the appellant as the offender was sufficient to prove those prior convictions. Appellant cannot now be heard to complain that those entries were before the jury when appellant refused to stipulate to those prior convictions.

Appellant's first assignment of error is not well taken and is overruled.

■ In the second assignment of error, appellant argues that the trial court erred by admitting statements of alleged codefendants through the testimony of an investigator prior to establishing the existence of a conspiracy. Appellant argues that the presentation of the evidence by the investigator was done strictly to lend credibility to the testimony of the later witnesses.

Pursuant to Evid.R. 801(D)(2)(e), a statement by a coconspirator during the course of and in furtherance of the conspiracy is permitted and is not considered to be hearsay upon independent proof of the conspiracy. In *State v. Milo* (1982), 6 Ohio App.3d 19, 6 OBR 44, 451 N.E.2d 1253, this court made the following pronouncements with regard to the presentation of such evidence:

"(1) That, as to the order of proof concerning the existence of a conspiracy, and of the defendant's and declarant's participation in it, the evidence must have been received prior to the proffer of the co-conspirator's out-of-court declaration.

"(2) That the standard of proof to be met in showing the existence of a participation in the conspiracy by independent evidence is that of making out a *prima facie* case." (Citations omitted.) *Id.* at 22–23, 6 OBR at 47, 451 N.E.2d at 1257.

In the present case, it is undisputed that the investigator testified concerning the alleged coconspirators' out-of-court declarations prior to those individuals testifying as witnesses. Clearly, the standard set forth by this court was not followed in the present case.

Appellee argues that any error in the present case caused by the presentation of the out-of-court statements prior to the testimony of the witnesses should be considered harmless inasmuch as those declarants eventually testified and appellant had the opportunity to confront and cross-examine the declarants concerning their statements. Appellant cites *State v. Spirko* (1991), 59 Ohio St.3d 1, 570 N.E.2d 229, and *State v. Cripple* (May 20, 1993), Cuyahoga App. No. 61773, unreported, 1993 WL 173733, in support of its argument.

This court finds the rationale of *Spirko* inapplicable to the present case. In *Spirko*, the detective's testimony concerned statements by a witness who had seen a man outside a post office a few minutes before a victim was kidnapped. The witness told investigators that he had seen a strange man outside the post office that morning and he gave a description of the person. In *Spirko*, the witness was not a coconspirator and the statements made by him were not nearly as prejudicial to the defendant as the statements allegedly made by the coconspirators in the present case.

Likewise, this court finds the rationale of *Cripple* to be inapplicable to the present case. In *Cripple*, a police officer testified concerning the witness/victim's statements *after* the witness/victim testified himself. Furthermore, the *Cripple* case did not concern statements made by a coconspirator.

In the present case, the investigator testified that the codefendants made statements to him which incriminated the appellant. Defense counsel objected to the testimony; however, the objection was overruled. The investigator was the first witness presented by the state to testify in the present case. The fact that he testified concerning statements made by the codefendants before any conspiracy was even alleged clearly violated the law. Furthermore, this court finds that the order of presentation of the evidence in this case most certainly was prejudicial to appellant because the investigator clearly lent an air of credibility to the later presentation of testimony by the codefendants.

Therefore, appellant's second assignment of error is well taken and is sustained.

In the third assignment of error, appellant argues that the conduct of the prosecutor during closing arguments was so improper that it prejudiced appellant.

Unfortunately, this court is all too often faced with a question of prosecutorial misconduct in criminal cases. Both this court and the Ohio Supreme Court have admonished prosecutors concerning their behavior on numerous occasions. The Ohio Supreme Court stated as follows in *State v. Keenan* (1993), 66 Ohio St.3d 402, 406, 613 N.E.2d 203, 207:

"The prosecutor carries into court the prestige of 'the representative * * * of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest * * * is not that it shall win a case, but that justice shall be done. * * * Consequently, improper suggestions, insinuations and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none.' *Berger v. United States* (1935), 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314, 1321."

 At the same time, this court must remember that the conduct of a prosecuting attorney during the trial cannot be a ground of error unless the conduct deprives the defendant of a fair trial. See *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394, 400.

 The prosecutor made the following comments during closing argument to which appellant's defense counsel objected:

"Ladies and gentlemen, you have had the chance to observe one other very important thing in this case, the demeanor of the Defendant. You observed the witnesses, but you also looked at this man, this man who laughed throughout the trial.

" * * * *

"When you deliberate I ask you to find that man guilty of two counts of receiving stolen property, one count of possession of criminal tools and five counts of forgery, and maybe you can wipe the smirk off that face."

 Appellee correctly asserts that a defendant's face and body are physical evidence and a prosecutor may comment on a defendant's demeanor. However, these comments go beyond a mere description of appellant's demeanor in the courtroom. To characterize a defendant as having a "smirk" on his face asserts an opinion about his demeanor which is inappropriate for a prosecutor in a courtroom. However, the trial court properly instructed the jury to disregard the comments and this court cannot say that appellant was denied his right to a fair trial because of the comments.

Accordingly, appellant's third assignment of error is not well taken and is overruled.

Based on the foregoing, appellant's first and third assignments of error are overruled and his second assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is hereby reversed and this matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HARSHA, J., concurs.

CLOSE, J., concurs in part and dissents in part.

WILLIAM H. HARSHA, III, J., of the Fourth Appellate District, sitting by assignment.

CLOSE, Judge, concurring in part and dissenting in part.

While I concur in the judgment of the majority overruling the first assignment of error and sustaining the second assignment of error, I must respectfully dissent as it pertains to the third assignment of error, as I would likewise sustain that assignment and reverse the conviction on the grounds raised therein.