DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Thomas Thorn appeals from his conviction in the Wayne County Court of Common Pleas. This Court affirms.
On August 20, 1998, the Wayne County Grand Jury indicted Thorn on one count of aggravated vehicular assault, a violation of R.C. 2903.08, one count of driving while under the influence of alcohol, a violation of R.C. 4511.19(A)(1), one count of operating a motor vehicle with a prohibited breath alcohol content, a violation of R.C. 4511.19(A)(2), and one count of driving under suspension, a violation of R.C. 4507.02(D)(2). Thorn pleaded not guilty to all the counts. The matter proceeded to trial in January 1999, and Thorn was found guilty of operating a motor vehicle while under the influence of alcohol, operating a motor vehicle with a prohibited blood alcohol concentration, and operating a motor vehicle while under court-ordered suspension. Thorn was sentenced to six months incarceration with a one-year license suspension for operating a motor vehicle while under court-ordered suspension and six months incarceration with a five-year license suspension for the remaining convictions; the terms of incarceration were to be served consecutively. Additionally, Thorn was fined $750 and costs.
Thorn timely appeals, asserting two assignments of error.
 Assignment of Error No. I
THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR ACQUITTAL AFTER THE CLOSE OF THE STATE'S CASE[.]
 Assignment of Error No. II
THE TRIAL COURT ERRED IN ALLOWING UNFAIRLY PREJUDICIAL EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS TO BE CONSIDERED BY THE JURY[.]
Taking Thorn's assignments of error in reverse order, this Court first addresses his argument that the jury was prejudiced against him by the introduction of a journal entry of a prior conviction and its resulting license suspension. Thorn argues that the journal entry should not have been considered by the jury because the entry indicated prior convictions for driving under the influence of alcohol and driving with a prohibited blood-alcohol content and the entry contained the word "guilty" three times. Thorn's rationale for this argument is that "[t]he reason for being under suspension on the time and date in question were [sic] not relevant and should have not been considered by the jurors."
This Court disagrees. Thorn was charged with driving under suspension in violation of R.C. 4507.02(D)(2), which provides:
 No person, whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under division (B) of section 4507.16 of the
 Revised Code, shall operate any motor vehicle upon the highways or streets within this state during the period of suspension. No person who is granted occupational driving privileges by any court shall operate any motor vehicle upon the highways or streets in this state except in accordance with the terms of those privileges.
R.C. 4507.16(B) requires that the suspension be based upon a driving under the influence conviction pursuant to R.C.4511.19(A). Therefore, in order to satisfy each material element of R.C. 4507.02(D)(2), the state was required to prove not just that Thorn's license had been suspended, but that it had been suspended for driving under the influence of alcohol or drugs, and that Thorn had operated a motor vehicle upon an Ohio highway or street while the suspension was still in effect.
In order to meet the first element of this burden, the state introduced into evidence a certified copy of a January 23, 1998 journal entry from the Wayne County Municipal Court. This form entry indicated in sections labeled "Finding" that Thorn had been found guilty of violating R.C. 4511.19(A)(1), 4511.19(A)(3), and4511.21(C). In another section above the corresponding Code provisions were the notations "DUI," "BAC," and "Speed." The entry further indicated the corresponding sentences imposed on Thorn, which included the license suspension related to the R.C.4511.19(A)(1) conviction.
The Supreme Court of Ohio's admonition that "[t]he existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule" has guided this Court in the past in holding the admission of prior convictions to constitute reversible error. State v. Fox (1987), 39 Ohio App.3d 114, quoting State v. Allen (1987), 29 Ohio St.3d 53, 55. However, the instant case presents a situation where both statute and rule permit the revelation of Thorn's prior convictions.
Just as the introduction of a certified copy of a prior judgment entry suspending a defendant's license is admissible in a jury trial to support a prosecution under R.C. 4507.02(D)(1), seeState v. Walton (Feb. 23, 1990), Wyandot App. No. 16-88-25, unreported, so too can such an entry be admitted in a prosecution under R.C. 4507.02(D)(2). This is so because, "[w]here the existence of a prior offense is an element of a subsequent crime, the state must prove the prior conviction beyond a reasonable doubt, just as it must prove any other element." State v. Day
(1994), 99 Ohio App.3d 514, 517, citing State v. Henderson (1979),58 Ohio St.2d 171, 173. The manner in which the existence of a prior conviction can be proven is set forth in R.C. 2945.75(B), which provides:
 Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.
Further, Thorn's objection to the inclusion of the word "guilty" in the form boxes provided for "Finding[s]" in the judgment entry is not well taken, as the judgment entry was required to include such information. See Crim.R. 32(C) ("A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence.").
Therefore, the journal entry to which Thorn objects was not admitted to prove Thorn's character in contravention of Evid.R. 404(B), or to unfairly prejudice the jury in contravention of Evid.R. 403(A). Rather, the entry served as statutorily mandated proof of an element of the crime charged. Although Thorn could have stipulated to the prior conviction and license suspension, he refused to do so, and he cannot now complain that the entry was before the jury. Cf. State v. Taniguchi (1994), 96 Ohio App.3d 592,594 (holding that a prior entry of conviction was properly before the jury when it was necessary to elevate the degree of crime charged and the defendant refused to stipulate to the conviction). Thorn's second assignment of error is overruled.
Finally, Thorn argues in his first assignment of error that, because there was insufficient evidence that he was guilty of driving under suspension, the trial court erred in overruling his motion for acquittal of that charge. This Court again disagrees.
Crim.R. 29(A) provides:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses.
It is well settled that "[a] trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Flood (Dec. 9, 1998), Lorain App. No. 95CA006248, unreported, citing State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. In making this determination, the court shall construe all evidence in a light most favorable to the prosecution. State v. Wolfe (1988), 51 Ohio App.3d 215, 216.
The trial transcript indicates that evidence related to each such material element of R.C. 4507.02 had been introduced at trial. The officer who had been dispatched to the scene of the accident involving Thorn testified that on July 24, 1998, he had been dispatched to investigate a single vehicle accident on County Road 16, located in Wayne County, Ohio. It was determined that Thorn had been driving the vehicle. The officer further testified that Thorn's residence, date of birth, and social security number matched the same information contained in the certified copy of the journal entry of Thorn's prior criminal conviction under R.C.4511.19(A)(1). This journal entry was described by the officer as indicating that Thorn's license had been suspended for a period of three years from January 23, 1998.[1] Prior to the close of the state's case, the journal entry was admitted into evidence.
Construing such evidence in a light most favorable to the prosecution, this Court cannot say that reasonable minds could have come to but one conclusion, adverse to the prosecution, as to whether each material element of R.C. 4507.02(D)(2) had been satisfied. Accordingly, the motion for acquittal was properly denied and Thorn's first assignment of error is overruled.
Accordingly, Thorn's two assignments of error are not well taken. The judgment of the court of common pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR
FOR THE COURT BAIRD, P.J.
SLABY, J.
CONCUR
[1] The journal entry of conviction, however, states that the license suspension began on October 11, 1997. By either commencement date, Thorn's license was still suspended at the time of the July 24, 1998 accident.