OPINION
This timely appeal arises from a jury verdict finding A. David Sugar ("Appellant"), guilty of driving under the influence of alcohol, in violation of R.C. § 4511.19(A)(1). The trial court, concluding that this was Appellant's third DUI offense in five years, sentenced Appellant accordingly. Appellant now challenges the sentence enhancement by arguing that evidence of his prior DUI convictions were not properly before the trial court. For all of the following reasons, this Court affirms the judgment of the trial court.
On January 4, 1993, a Mahoning County jury found Appellant guilty of violating R.C. § 4511.19(A)(1); operating a motor vehicle while under the influence of alcohol with a refusal to submit to a blood alcohol content test. On January 13, 1993, prior to imposing sentence, the trial court received the prosecution's recommendation that, since this was Appellant's third DUI in five years, Appellant should be sentenced to three years of probation. (Judgment Entry, January 13, 1993). Appellant did not object to the trial court's review of Appellant's driving record nor did he object to the characterization that this was his third offense. The trial court did not follow the prosecution's sentence recommendation and instead sentenced Appellant to 180 days in the Mahoning County jail and ordered him to pay $2,500.00 in costs. The trial court suspended 130 days of the jail sentence and $1,500.00 of the fine subject to conditions not relevant to this appeal. (Judgment Entry, January 13, 1993).
On January 13, 1993, Appellant filed a Notice of Appeal. The sole assignment of error raised by Appellant challenged the weight of the evidence supporting the guilty verdict. On December 27, 1994, this Court overruled Appellant's assignment of error, affirmed the lower court's judgment and returned the matter to the trial court for execution of the sentence. State v. Sugar
(December 27, 1994), Mahoning App. No. 93 CA 10, unreported.
On May 3, 1995, Appellant filed a motion to dismiss based on allegations of violations of double jeopardy. By way of a judgment entry dated July 21, 1995, the trial court overruled this motion. On May 30, 1996, Appellant filed yet another motion with the trial court. This latest motion sought to modify the original sentence to a first offense DUI. On June 5, 1996, the trial court issued a judgment entry which imposed the original sentence of January 13, 1993, with the exception that Appellant be permitted to serve his time at the Mahoning County Minimum Security jail. The trial court did not address Appellant's motion to modify the sentence. On July 3, 1996, Appellant filed a Notice of Appeal from the trial court's June 5, 1996, ruling. On November 14, 1997, this Court dismissed that appeal due to Appellant's failure to prosecute the appeal. (Journal Entry, November 14, 1997, Mahoning App. No. 96 CA 142).
Although the record is not clear on this point, it appears that on February 18, 1998, a hearing was held for purposes of re-sentencing Appellant. At this hearing, Appellant's counsel informed the trial court that Appellant's original motion to modify the sentence to reflect a first offense had not yet been ruled upon. The trial court orally dismissed this motion and reimposed the original sentence which had been handed down approximately five years earlier. Execution of this sentence was stayed by the trial court pending appeal. (Judgment Entry, February 25, 1998).
Appellant's sole assignment of error argues that:
 "The trial court erred in not allowing defendant-appellant to proceed with his motion regarding the correction of his sentence."
The crux of Appellant's seven sentence argument is that evidence indicating that Appellant's DUI conviction was the third in five years was not properly before the trial court. Specifically, Appellant argues that the only evidence before the trial court to demonstrate Appellant's prior convictions was, "a jacket with notations made by the judge." (Appellant's Reply Brief, p. 5). Appellant does not claim that he was not convicted of the prior DUI offenses. Rather, Appellant's objection is merely a technical one. He asserts that since the prior DUI convictions were not before the trial court by way of a journalized entry, the trial court was not permitted to consider them for purposes of sentence enhancement.
Appellant's argument is unpersuasive. As a preliminary matter, this Court takes issue with Appellant's assertion that the only evidence before the trial court concerning the prior convictions were handwritten notations on the docket cover. Our review of the record indicates that the prosecution filed a copy of Appellant's BMV driving record with the trial court on December 23, 1992, and provided Appellant with a copy in response to his discovery requests. The BMV record clearly reveals the two previous DUIs at issue in this case.
This Court also notes that Appellant never objected when the prosecution filed with the court a copy of Appellant's driving record and also failed to object when the trial court sentenced him as a third time offender based on the contents of his driving record. Likewise, when Appellant first appealed his conviction to this Court, he did not assign error to the trial court's use of his driving record for sentence enhancement purposes. As such, Appellant may not complain about what is, in all practical aspects, an evidentiary issue. See e.g., State v. Williams
(1968), 14 Ohio St.2d 56; State v. Morris (1975), 42 Ohio St.2d 307; State v. Awan (1986), 22 Ohio St.3d 120; State v. Carter
(1992), 64 Ohio St.3d 218.
Even had Appellant preserved this issue for appellate review, his argument would still be without merit. Prior convictions affect the penalty for, but not the degree of, a DUI offense. R.C. § 4511.99(A)(2). Therefore, the prior DUI convictions are not essential elements of the subsequent offense but are solely sentencing considerations for the trial court that must be resolved at the sentencing stage. State v. Allen (1987), 29 Ohio St.3d 53,55. Pursuant to Evid.R. 101(C)(3), the Ohio Evidence Rules do not apply to sentencing matters. As such, the prosecution was not required to follow formal procedures for introducing Appellant's prior DUI offenses. State v. Thornburgh
(September 29, 1997), Lawrence App. No. 97 CA 21., unreported. Furthermore, the trial court properly considered Appellant's driving record for sentencing purposes since the Ohio BMV printout the prosecution presented at the sentencing hearing was the same information which could have been given to the trial court in a pre-sentence investigation report pursuant to Crim.R. 32.2. State v. Cichy (1984), 18 Ohio App.3d 6, 8; State v.McGlothlin (1988), 44 Ohio App.3d 211 (holding that an uncertified copy of a BMV computer printout of the defendant's driving record is admissible during the sentencing phase of a DUI).
Having found no merit in Appellant's sole assignment of error, it is accordingly overruled and the judgment of the trial court is hereby affirmed. As there are no remaining issues pending on appeal, the trial court's stay of execution rendered on February 25, 1998 is hereby vacated and set aside.
JUDGMENT: Affirmed.
VUKOVICH, J., concurs.
DONOFRIO, J., concurs.
APPROVED:
 _________________________ CHERYL L. WAITE, JUDGE.