The STATE of Ohio, Appellee,

v.

LARSEN, Appellant.

[Cite as *State v. Larsen* (1993), 89 Ohio App.3d 371.]

Court of Appeals of Ohio,
Lawrence County.

No. 92 CA 42, 92 CA 43.

Decided Aug. 13, 1993.

372

Richard B. Meyers, Special Prosecuting Attorney, for appellee.

John Dale Larsen, pro se.

PETER B. ABELE, Judge.

This is an appeal from two judgments entered by the Lawrence County Common Pleas Court denying motions filed by John Dale Larsen, defendant below and appellant herein, after his conviction on three theft counts.

Appellant assigns the following error in case No. 92 CA 42:

"The defendant-appellant herein states that the offenses to which he plead [*sic*] guilty and was sentenced are allied offenses of similar import and therefore [he] should have been sentenced to only one of the offenses contained in the indictment, and therefore the court was in error upon denying same, which requires reversal of said convictions."

Appellant assigns the following errors in case No. 92 CA 43:

First Assignment of Error:

"No value stated in any one count of the indictment so as to make the offenses charged in the indictment anything more than misdemeanor charges, which requires a reversal for resentencing on misdemeanor charges against the defendant-appellant."

Second Assignment of Error:

"The defendant-appellant herein states the indictment charging 'having been previously convicted of two or more theft offenses' does not state sufficiently as to such prior convictions and cannot be used to elevate or enhance the crime and penalty, and therefore requires reversal on all three counts for resentencing."

On September 27, 1991, the grand jury indicted appellant on three counts of theft in violation of R.C. 2913.02. The first count stated in full:

"John Dale Larsen, on or about August 1st through 9th, having been previously convicted of two or more theft offenses, did, with purpose to deprive the owner, Kathleen Church, of a State assistance check # 0515464 knowingly obtain or exert control over said property or services without the consent of Kathleen Church, or a person authorized to give consent, a felony, said property being listed in Section 2913.71 of the Ohio Revised Code.

"Said act did occur in Lawrence County, Ohio and is contrary to Ohio Revised Code Section 2913.02, THEFT, F–4."

The other two counts were identical to the first count, but for the fact that counts two and three named different check numbers and count three named a different victim. On October 2, 1991, the trial court entered judgment amending the indictment to state that the crimes are third degree felonies rather than fourth degree felonies.

On November 27, 1991, appellant pleaded guilty to all three counts. After appellant failed to appear at four separate sentencing hearings, the trial court revoked his bond and issued a capias for his arrest. Law enforcement officers returned the capias on April 29, 1992. In a May 5, 1992 judgment entry, the court accepted appellant's guilty pleas, found appellant guilty, and sentenced him to three concurrent two-year definite prison terms.

On November 6, 1992, appellant filed a motion requesting the trial court to hold a hearing to determine whether the three crimes listed in the indictment are allied offenses of similar import. The court held the requested hearing on November 19, 1992. On November 24, 1992, the court entered judgment finding the three crimes were not allied offenses of similar import. On December 21, 1992, appellant filed a notice of appeal from that judgment. That appeal is our case No. 92 CA 42.

On November 20, 1992, appellant filed a motion requesting the court to amend the May 5, 1992 sentencing judgment entry "to conform to law" by imposing only a six-month term of imprisonment for each count. In the memorandum accompanying the motion, appellant argued that because the indictment failed to state with sufficient specificity the fact that appellant had been convicted of two or more prior theft offenses, the crimes charged in the indictment were only misdemeanors.

On December 7, 1992, the court held a hearing on appellant's motion to amend the sentencing entry. The court denied the motion in a December 9, 1992 judgment entry. The court noted that all three counts of the indictment employed the statutory language set forth in R.C. 2913.02—"having been previously convicted of two or more theft offenses." On December 28, 1992, appellant filed a notice of appeal from that judgment. That appeal is our case No. 92 CA 43.

At this juncture, we *sua sponte* consolidate case Nos. 92 CA 42 and 92 CA 43 for purposes of this opinion and judgment entry. We believe the consolidation is in the interests of judicial economy.

I

In his sole assignment of error in case No. 92 CA 42, appellant asserts the trial court erred by failing to find that the three R.C. 2913.02 theft offenses he committed are allied offenses of similar import. Appellant argues that pursuant to R.C. 2941.25, the trial court may sentence him on only one of the three convictions.

When we review the statute and accompanying case law, we find appellant's conduct cannot constitute allied *offenses* of similar import. Appellant's conduct

constitutes only one offense. The question is whether appellant committed one act or three acts of that same offense.

R.C. 2941.25(A) contemplates application of the statute where *one* act committed by a defendant can be construed to *simultaneously* constitute *two or more offenses:*

"Where the *same conduct* by defendant can be construed to constitute *two or more allied offenses of similar import,* the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." (Emphasis added.)

Paragraph (B) of the statute permits multiple sentences [1] for *multiple violations* of the *same* statute:

"Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in *two or more offenses of the same* or similar *kind committed separately* or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." (Emphasis added.)

The two paragraphs of R.C. 2941.25 express the legislative intent that (1) multiple violations of the *same* statute do not constitute "allied offenses of similar import"; and (2) a defendant may be sentenced on multiple violations of the same statute.

In *State v. Logan* (1979), 60 Ohio St.2d 126, 131, 14 O.O.3d 373, 376, 397 N.E.2d 1345, 1349, the court described R.C. 2941.25(A) as a legislative attempt to codify the common-law doctrine of merger:

"It is apparent that the statute has attempted to codify the judicial doctrine—sometimes referred to as the doctrine of merger, and other times as the doctrine of divisibility of offenses—which holds that 'a major crime often includes as inherent therein the component elements of *other crimes* and that these component elements, in legal effect, are merged in the major crime.' *State v. Botta* (1971), 27 Ohio St.2d 196, 201 [56 O.O.2d 119, 121–122, 271 N.E.2d 776, 780]. * * * " (Footnotes omitted.)

---

1. R.C. 2941.25 states the defendant "may be convicted" of only one allied offense of similar import. In *State v. Kent* (1980), 68 Ohio App.2d 151, 22 O.O.3d 223, 428 N.E.2d 453, the court commented that the term "convicted" as used in the statute refers to a judgment of conviction, which includes both the finding of guilt and the sentencing:

   "The allied offense statute merely provides that where allied offenses are present, the person can only be convicted of one of the offenses. Conviction in this context means a judgment of conviction.

   "A judgment of conviction has been defined as a plea or verdict of guilty and the sentence imposed. * * * Thus, the sentence imposed completes the judgment of conviction." (Emphasis added.)

Because the common-law doctrine of merger did not apply to multiple violations of the same statute, its direct progeny, R.C. 2941.25(A), should not be interpreted to apply to multiple violations of the same statute.

In *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, syllabus, the court enunciated a two-tiered test for determining whether two or more crimes are allied offenses of similar import. The court's description of the first tier reveals that attempts to treat multiple violations of the same statute as "allied offenses of similar import" defy logic:

"Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the *two crimes* are compared. If the elements of the offenses correspond to such a degree that *the commission of one crime will result in the commission of the other*, the crimes are allied offenses of similar import and the court must then proceed to the second step." (Emphasis added.)

The first tier speaks of comparing the elements of *two crimes*. The task of comparing one crime with itself is nonsensical. The court's "commission of one crime will result in the commission of the other" language implies the existence of *two separate crimes*. See, also, *State v. Carna* (Aug. 19, 1992), Washington App. No. 91 CA 32, unreported, 1992 WL 208963; *State v. McClellan* (June 27, 1991), Meigs App. No. 451, unreported, 1991 WL 122830.

■ Because we find the three crimes charged in the indictment are not allied offenses of similar import, we agree with appellee that no R.C. 2941.25(A) allied offenses of similar import issue survived appellant's guilty pleas. The sole surviving R.C. 2941.25 issue arises under paragraph (B) of the statute—whether appellant's conduct constituted two or more separate offenses or, in the words of the statute, whether appellant committed the acts separately or with a separate animus as to each. Appellant's three guilty pleas admitted that he committed three separate acts of theft. Accord *McClellan*. Crim.R. 11(B) provides that a plea of guilty is a complete admission of the defendant's guilt.

Additionally, we note that appellant committed three separate acts on three separate days, with a separate animus as to each offense. On November 24, 1992, the trial court stated as follows:

"*In the case in hand, the theft of the checks did not occur when the defendant removed the checks from the mailbox*, as stated by the defendant, he had permission to have the checks under the authority of Mr. Church.

"The theft occurred when the defendant exerted his own control over the property (i.e.—the checks), without the owner's consent.

"As stated by the defendant, this happened in three different places and it happened on two separate days.

"Stated another way, had the defendant gone to trial, a jury or finder of facts could have found the defendant guilty of one or more of the offenses or not guilty of one or more of the other offenses and said findings would not be in contradiction." (Emphasis added.)

Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error in case No. 92 CA 42.

## II

In his first assignment of error in case No. 92 CA 43, appellant asserts that because the indictment failed to state the value of the checks appellant stole, the crimes listed in the indictment constitute misdemeanor theft offenses.

At this juncture, we note that appellant did not file a notice of appeal from the May 5, 1992 judgment of conviction and sentence. Appellant's November 20, 1992 motion requested the court to amend the judgment to hold that the three convictions were only misdemeanor convictions punishable by a maximum sentence of six months. Because appellant wished to challenge the May 5, 1992 judgment, he should have filed a notice of appeal within thirty days of that judgment.

Because appellant's November 20, 1992 motion does not raise constitutional issues, we cannot construe it as a R.C. 2953.21 petition for postconviction relief. See R.C. 2953.21(A); *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104. Matters that should have been raised on direct appeal cannot be considered in a R.C. 2953.21 postconviction relief proceeding. *State v. Ledger* (1984), 17 Ohio App.3d 94, 17 OBR 156, 477 N.E.2d 643.

We note, however, that we find no merit to the argument appellant raises in this assignment of error. Although the indictment did not state the value of the checks stolen, the indictment did state that appellant had been previously convicted of two or more theft offenses. R.C. 2913.02(B) states that if the offender previously has been convicted of two or more theft offenses, the current crime is a third degree felony:

"Whoever violates this section is guilty of theft. * * * *[I]f the offender previously has been convicted of two or more theft offenses, a violation of this section is grand theft, a felony of the third degree. * * * *" (Emphasis added.)

Thus, because the indictment against appellant stated that he previously had been convicted of two or more theft offenses, the crimes listed in the indictment are third degree felonies.

Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error in case No. 92 CA 43.

## III

In his second assignment of error in case No. 92 CA 43, appellant asserts the phrase in the indictment "having been previously convicted of two or more theft offenses" fails to state with sufficient specificity the necessary facts concerning those convictions and, therefore, the crimes charged in the indictment are only misdemeanors. As we noted above, appellant should have challenged the May 5, 1992 judgment by filing a direct appeal from that judgment.

We note, however, that Ohio appellate courts have rejected the argument appellant raises in this assignment of error. Appellant relies upon R.C. 2941.11 which provides:

"*Whenever it is necessary to allege a prior conviction* of the accused in an indictment or information, *it is sufficient* to allege that the accused was, at a certain stated time, in a certain stated court, convicted of a certain stated offense, giving the name of the offense, or stating the substantial elements thereof." (Emphasis added.)

Appellant cites *State v. Winters* (1965), 2 Ohio St.2d 325, 31 O.O.2d 581, 209 N.E.2d 131, paragraph five of the syllabus, where the court held the "it is sufficient" provisions of R.C. 2941.11 to be mandatory:

"The provisions of Section 2941.11, Revised Code, are mandatory and an allegation of a prior conviction in an indictment or information must show that 'the accused was, at a certain stated time, in a certain stated court, convicted of a certain stated offense, giving the name of the offense, or stating the substantial elements thereof.'"

In *State v. Hoosier* (Apr. 11, 1985), Ross App. No. 1065, unreported, we noted that since the Ohio Supreme Court decided *Winters* in 1965, two important changes have occurred in Ohio law. The first change occurred in 1968 with the Modern Courts Amendment to Section 5(B), Article IV of the Ohio Constitution. The amendment permitted the Ohio Supreme Court to prescribe rules governing the practice and procedure in Ohio courts. Crim.R. 7(B) provides that indictments need not contain "any technical averments or any allegations not essential to be proved." The rule permits indictments to be made "in the words of the applicable section of the statute" or "in any words sufficient to give the accused notice" of the elements of the crime.

The second change in Ohio law after *Winters* occurred in 1974 with the adoption of the new Ohio Criminal Code. R.C. 2945.75, included in the new code, provides that when an additional element increases the degree of an offense, the

indictment may either state the degree of the offense or state the additional element.

In *Hoosier* we attempted to reconcile R.C. 2941.11 with Crim.R. 7(B) and R.C. 2945.75. We focused on the "whenever it is necessary to allege a prior conviction" language of R.C. 2941.11, and determined that with the enactment of Crim.R. 7(B) and R.C. 2945.75, it is no longer "necessary" to allege a prior theft conviction in indictments which state that the theft is a "third degree felony." The fact that the indictment states the crime is a third degree felony informs the accused that the state will prove the accused previously had been convicted of two or more theft offenses. In *Hoosier* we noted that the accused, thus informed, can garner additional information through discovery or by requesting a bill of particulars.

Other Ohio appellate districts have also reviewed the conflict between R.C. 2941.11 and Crim.R. 7(B). In *State v. Carroll* (May 30, 1980), Williams App. No. WMS–79–17, unreported, and *State v. Higgs* (Jan. 12, 1990), Wood App. No. WD–89–6, unreported, 1990 WL 1351, the Sixth District held that Crim.R. 7(B) supersedes R.C. 2941.11. In *State v. Freilich* (Apr. 8, 1987), Summit App. No. 12802, unreported, 1987 WL 9473, and *State v. Sanders* (Oct. 26, 1988), Summit App. No. 13472, unreported, 1988 WL 114450, the Ninth District also held Crim.R. 7(B) supersedes R.C. 2941.11. The Third District joined the Sixth and Ninth Districts recently with *State v. Helton* (Feb. 19, 1993), Logan App. No. 8–92–18, unreported, 1993 WL 46464.

We note, however, that decisions from two appellate districts have apparently continued to enforce R.C. 2941.11. In *State v. Brummitt* (Oct. 19, 1990), Ashtabula App. No. 89–A–1444, unreported, 1990 WL 157349, the Eleventh District held that an indictment that fails to satisfy R.C. 2941.11 may be cured by amendment. In *State v. New* (1988), Erie App. No. E–87–15, unreported, 1988 WL 37560, the Sixth District permitted an amendment of the date of the accused's prior conviction in an effort to satisfy R.C. 2941.11. Neither *Brummitt* nor *New* acknowledged that a conflict exists between R.C. 2941.11 and Crim.R. 7(B). We further note the Sixth District, both before and after *New*, expressly held that Crim.R. 7(B) supersedes R.C. 2941.11. See *Carroll* and *Higgs*.

In conclusion, we note that even if appellant had properly and timely presented his R.C. 2941.11 issue in a direct appeal, the *Hoosier* decision and the decisions by the Third, Sixth, and Ninth Districts hold that Crim.R. 7(B) effectively supersedes R.C. 2941.11. Where an indictment complies with Crim.R. 7(B) and gives the accused adequate notice that the state will seek to prove the accused previously had been convicted of prior theft offenses, the indictment does not need to allege that the accused was, at a certain stated time, in a certain stated court, convicted of a certain stated offense.

Accordingly, based upon the foregoing reasons, we overrule appellant's first and second assignments of error in case No. 92 CA 43.

*Judgments affirmed.*

STEPHENSON, J., concurs.

HARSHA, P.J., concurs in judgment only.