Please note: We have sua sponte removed this case from the accelerated docket.
 OPINION.
On December 8, 1997, defendant-appellant Rodney Brown, a former employee of DB Leasing and Transportation Company (DB), a trucking company, broke into DB's office and stole keys to a truck. He took the truck and connected it to a trailer in possession of DB, which contained toys. He then drove the truck and trailer to a truck stop in Kentucky. After dropping off the trailer, he returned the truck to DB's premises and took another trailer, which contained toy boxes. He drove this trailer to the same truck stop in Kentucky. The truck and trailers, with toys and toy boxes missing, were later recovered.
On December 23, 1997, Brown began working for HJ Leasing Corporation (HJ), a company that leased equipment to trucking companies. He was assigned to transport a trailer of soap products to Chicago. But he instead took the trailer and soap products, along with the HJ truck that was transporting these items, to Maryland. He claimed that Iranians had hijacked him.
Brown was indicted on six theft counts and two counts of breaking and entering. Three of the theft counts and the two breaking-and-entering counts pertained to the events of December 8 (counts one through five). The other three theft counts involved the incidents on December 23 (counts six through eight). At trial, one of the breaking-and-entering counts was dismissed and the three theft counts pertaining to December 23 were consolidated into a single count. A jury found Brown guilty of theft of DB's truck (count one), theft of the two trailers in possession of DB (count two), theft of the toys and toy boxes inside those trailers (count three), and breaking and entering into DB's premises (count four). It also rejected Brown's hijacking story and found him guilty of the December 23 theft of the truck, trailer, and soap products (count eight). Brown was sentenced to one year of incarceration for count one, one year for count two, one year for count three, one year for count four, and eighteen months for count eight. All terms were to run consecutively, for a total of five-and-a-half years' incarceration.
Brown now appeals his conviction and sentence. He asserts four assignments of error.
 I. Consolidation of Counts Six through Eight
In Brown's first two assignments, which we treat together, he asserts that the court erred by consolidating counts six through eight of his indictment after the trial had begun. Count six involved the December 23 theft of the trailer, which was owned by a trucking company named Hillsboro Transportation. Count seven pertained to the soap products, which were owned by Procter 
Gamble. Count eight dealt with the theft of the truck, which was owned by James Brown, the owner of HJ. All three counts involved R.C. 2913.02, the statute prohibiting theft. At trial, at the close of all evidence, the court consolidated the three counts into count eight. Brown argues that the court erred by doing so. In his first assignment, he asserts that he was prejudiced when the jury was instructed that the counts were to be considered as consolidated. In his second assignment, he states that the court erred in failing to grant his motion for acquittal, where he argued that the counts should have been dismissed, not consolidated.
Under R.C. 2913.61(C), when an offender commits a series of thefts arising out of his or her employment, the thefts are to be tried as a single offense:
 When a series of offenses under section 2913.02
of the Revised Code is committed by the offender in the offender's same employment, capacity, or relationship to another, all such offenses shall be tried as a single offense, and the value of the property * * * involved for the purpose of determining the value [of the property] is the aggregate value of all property * * * involved in all offenses in the series.
 The trial court consolidated counts six through eight after Brown made a motion under R.C. 2913.61(C). Brown argues that the court should have initially joined counts six through eight in the indictment and that it was prejudicial error for the court to consolidate the three counts after the trial had begun. We agree that the court may not have strictly complied with the language of R.C. 2913.61(C), but we disagree that any error by the court was prejudicial.
Ideally, under the language of R.C. 2913.61(C), the original indictment would have contained a single count for the thefts, not three separate counts. By consolidating the three counts into a single count after the close of the evidence, the trial court did not strictly follow the language of R.C. 2913.61(C): the counts were not "tried as a single offense." But, although R.C.2913.61(C) may not have been strictly followed, there is no authority that prevented the court from consolidating the three counts. Any error by the court was harmless.
An appellate court will not reverse a judgment on the basis of any error that is harmless.[1] Harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights."[2] In a criminal case, "[non]constitutional error is harmless if there is substantial other evidence to support the guilty verdict."[3]
Here, the fact that the court consolidated counts six through eight after the trial had begun, instead of trying the three counts as a single count from the beginning, did not affect the trial. Brown argues that, by consolidating the three counts after the trial had begun, the court improperly consolidated the elements of the sixth and seventh counts into the eighth count. But that was not the case. The court merely presented a single jury instruction regarding the theft of the truck, trailer, and soap products, instead of three separate jury instructions for the three separate counts. Specifically, the court instructed the jury that, to find Brown guilty of theft, it needed to find that Brown "knowingly obtained or exerted control over the property of James Brown, Procter Gamble, [and] Hillsboro Transportation, beyond the scope of the express or implied consent of the owner or person authorized to give consent, and the value of the property was $5,000 or more, in aggregate * * *." If the three counts had been combined into a single count in the original indictment, as Brown argues should have been done, the jury instruction could have been the same: it could have included the various items that were stolen so that, according to R.C. 2913.61, the jury could determine "the aggregate value of all property * * * involved in all offenses in the series."
Practically speaking, the consolidation of the three counts after the trial had begun — as opposed to originally bringing the three counts as one — changed nothing. In both cases, the jury would have received the same evidence regarding Brown's theft of the truck, trailer, and soap products, and it would have used the same considerations to assess the aggregate value of these three items. The outcome of the trial would not have been different. We refuse to escalate an arguable technical flaw into a substantial error.
We also conclude that Brown would have been found guilty of count eight regardless of whether counts six and seven had been consolidated into it. In count eight, before the consolidation, Brown was charged with stealing the truck. At trial, there was substantial evidence that Brown had stolen the truck. There was also substantial evidence that the truck was worth well over $5000. Thus, even if counts six and seven had not been consolidated, Brown would have been found guilty of stealing an item in excess of $5000, a fourth-degree felony, which is exactly what he was found guilty of after the consolidation.
Also, because counts six through eight were consolidated into count eight, Brown was only sentenced for that count. (The court's sentencing entry states "[a]cquittal" for counts six and seven.) In other words, he was only sentenced on one count, not three.
In short, although the consolidation of counts six through eight may have been a technical error by the court, it played no part in the outcome of Brown's trial. The error was harmless. Therefore, we overrule Brown's first and second assignments.
 II. Counts One and Two
In Brown's third assignment, he argues that counts one and two — involving his thefts of the truck and trailers from DB on December 8 — stemmed from a single animus. In his fourth assignment, he claims that both counts were allied offenses. In both assignments, which we treat together, he asserts that he should not have received consecutive sentences on those counts.
R.C. 2941.25 prevents multiple convictions for allied offenses or crimes stemming from a single animus. It is designed to "prohibit duplication of punishment where both crimes are motivated by a single purpose and where conviction of both would be dependent upon identical conduct and the same evidence."[4] The Ohio Supreme Court has outlined a two-part test to determine if two offenses are allied or stem from a single animus:
 In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.[5]
 In the comparison of offenses, the elements of the crimes "should not be viewed abstractly, but should be viewed with reference to the facts of the particular case."[6] R.C. 2941.25 contemplates situations "where one act committed by a defendant can be construed to simultaneously constitute two or more offenses."[7]
Here, Brown's theft of DB's truck was a separate act from his theft of the trailers. When Brown stole the truck, neither of the trailers was then attached to it. He had to attach the first trailer to the truck before he took it to Kentucky. Then, he made a trip back to DB's premises to attach the second trailer to the truck. When Brown stole the truck, he was not simultaneously stealing the trailers: there was not one act that could be construed to simultaneously constitute two or more offenses. Brown stole the truck separately from the trailers, and just because he ultimately connected the stolen items together does not transform his separate crimes into allied offenses of similar import. Thus — contrary to an argument by Brown that this case is no different than when a "wino steals a six pack" — we hold that the court properly convicted and sentenced Brown on both counts one and two. His third and fourth assignments are overruled.
Judgment affirmed.
 Gorman, P.J., and Sundermann, J., concur.
Please Note:
The court has recorded its own entry on the date of the release of this Opinion.
[1] See App.R. 12(B).
[2] Crim.R. 52(A).
[3] State v. Webb (1994), 70 Ohio St.3d 325, 335,638 N.E.2d 1023, 1032.
[4] State v. Brown (1982), 7 Ohio App.3d 113, 116,454 N.E.2d 596, 600.
[5] Newark v. Vazirani (1990), 48 Ohio St.3d 81,549 N.E.2d 520, syllabus.
[6] Dayton v. McLaughlin (1988), 50 Ohio App.3d 69, 74,552 N.E.2d 965, 969.
[7] State v. Larsen (1993), 89 Ohio App.3d 371, 375,624 N.E.2d 766, 768.