DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the decision of the Lawrence County Court of Common Pleas in which Defendant-Appellant Delmar D. Jenkins pled guilty to operating a motor vehicle under the influence (OMVI), a third-degree felony in violation of R.C. 4511.19(A)(6), and driving under suspension (DUS), a first-degree misdemeanor, in violation of R.C.4511.192.
 {¶ 2} The court sentenced appellant to a term of three years in prison and a $2,500 fine for the OMVI violation and six months imprisonment for driving under suspension, to be served concurrently.
 {¶ 1} Appellant argues that his trial counsel was ineffective, the indictment was fatally deficient, and that the trial court failed to consider the mitigating factors at R.C. 2929.12 when it sentenced appellant. We find that appellant's arguments lack merit and affirm the well-reasoned judgment of the trial court.
 I. Proceedings Below {¶ 1} On November 24, 2001, at approximately 3:43 a.m., Defendant-Appellant Delmar D. Jenkins was driving his truck at an excessive rate of speed down South Ninth Street in the City of Ironton. Officer Joe Ross, who was on patrol at the time, pursued appellant. Drawing closer, Officer Ross noticed that appellant's truck was missing a license plate in the rear. Officer Ross attempted to stop appellant, when appellant suddenly slammed on his brakes, causing the rear of his truck to "fishtail." The truck slid sideways before coming to rest on the curb of the roadway.
 {¶ 2} Officer Ross approached the truck in order to assess the situation. He asked appellant several questions, to which appellant responded that he did not have a driver's license and that he was intoxicated. Thereupon, Officer Ross conducted various field sobriety tests, which appellant failed. Officer Ross arrested appellant and took him to the Ironton Police Department. Once there, Officer Ross administered a blood alcohol content (BAC) test, which revealed that appellant's BAC level was .197.
 {¶ 3} Appellant was arraigned in the Ironton Municipal Court on charges of driving under suspension, driving under the influence of alcohol, reckless operation, and having an invalid license plate. A preliminary hearing was scheduled for the OMVI charge on November 29, 2001. However, prior to this hearing, the state dismissed the charges in the municipal court and presented the case to the Lawrence County Grand Jury. Appellant was indicted on two counts: one count of operating a motor vehicle under the influence of alcohol, an elevated third-degree felony in violation of R.C. 4511.19(A)(6) because appellant had previously been convicted of driving under the influence as a felony; and one count of driving under suspension, a first-degree misdemeanor, in violation of R.C. 4511.192.
 {¶ 4} On December 26, 2001, the trial court conducted a pretrial hearing. At the hearing, the trial court found that appellant had an extensive history of OMVI convictions. In fact, appellant was, at that time, serving community control sanctions for a prior felony OMVI from September 1998. Counsel below, aware of appellant's record and possible sentence, reached a plea agreement with the state. Appellant agreed to plead guilty to both the OMVI and DUS charges. He also agreed to a sentence of three years and a $2,500 fine for the OMVI. In addition, he agreed to a sentence of six months for the DUS, to run concurrently with the OMVI sentence. Furthermore, appellant's driver's license would be revoked for his lifetime. In return, the state agreed not to prosecute appellant for violating his community control sanctions and to recommend the above sentence to the court.
 {¶ 5} During the sentencing hearing, the record establishes that the court considered the purposes behind felony sentencing under R.C.2929.11 as well as the mitigating factors found in R.C. 2929.12. Furthermore, the court found that there was a history of criminal convictions related to appellant's "driving and driving attitudes and record." Moreover, the court found that appellant's previous sanctions for similar convictions were ineffective and that appellant had demonstrated a pattern of alcohol and drug abuse. Finally, the court found that appellant was without remorse and that the likelihood of recidivism was high.
 II. The Appeal {¶ 6} Appellant timely filed this appeal, raising three assignments of error.
 {¶ 7} First Assignment of Error: "The appellant did not receive his constitutional right of effective assistance of counsel."
 {¶ 8} Second Assignment of Error: "The indictment was fatally deficient to charge an enhanced felony Driving Under the Influence offense."
 {¶ 9} Third Assignment of Error: "The trial court did not take into consideration all of the mandatory factors when it sentenced the defendant; the trial court abused its discretion; and/or the defendant/appellant's sentence is illegal, inappropriate, improper, harsh, and too severe under all of the circumstances."
 {¶ 10} We will address appellant's first two assignments of error together, as they share a common basis in law and fact. We will address appellant's Third Assignment of Error separately.
 A. Ineffective Assistance of Counsel {¶ 11} Appellant argues in his First Assignment of Error that he did not receive the effective assistance of counsel in the proceedings below. We disagree.
 {¶ 12} In order to succeed on a claim of ineffective assistance of counsel, the appellant must satisfy the two-pronged test set forth inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. See Statev. Ballew, 76 Ohio St.3d 244, 255, 1996-Ohio-81, 667 N.E.2d 369, citingStrickland v. Washington, 466 U.S. at 687, 104 S.Ct. 2052; State v.Bradley (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373.
 {¶ 13} To satisfy the requirements of the Strickland test, the appellant must prove that his trial counsel's performance was deficient, and that his defense was somehow prejudiced by this deficiency. SeeStrickland v. Washington, 466 U.S. at 687, 104 S.Ct. 2052; State v.Sheppard, 91 Ohio St.3d 329, 330, 2001-Ohio-52, 744 N.E.2d 770, citingState v. Bradley, 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
 {¶ 14} The Strickland Court also set forth the standards to judge whether counsel's performance was deficient and whether that deficiency, in turn, prejudiced the criminal defendant. See State v. Bradley, supra. As to the performance prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."Strickland v. Washington, 466 U.S. at 687-688, 104 S.Ct. 2052. Courts, however, should caution themselves when applying this standard. After all, defense lawyers, after hours of unyielding effort, contemplate a wide variety of strategies to employ in their representation of one defendant. Reviewing courts, on the other hand, have the luxury to conclude, in retrospect, that counsel's chosen approach was unreasonable simply because it was unsuccessful. Therefore, when judging the deficiency of a lawyer's performance, a court must acknowledge the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" that is available to an attorney.Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. 2052.
 {¶ 15} A defendant's conviction will not be reversed, however, merely by showing that counsel's performance was deficient. See State v.Bradley, 42 Ohio St.3d at 142, 538 N.E.2d 373. The prejudice prong considers whether the deficiency had an effect on the judgment. SeeStrickland v. Washington, supra. Therefore, a criminal defendant must show that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.
 {¶ 16} The ultimate issue to resolve is this: whether the proceeding, whose result is under review, was fundamentally fair. SeeStrickland v. Washington, 466 U.S. at 696, 104 S.Ct. 2052. Moreover, courts are directed not to "grade counsel's performance." Id. at 697,104 S.Ct. 2052. Furthermore, we acknowledge that one prong of the test need not be decided before considering the other. Rather, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice * * * that course should be followed." Id.
 {¶ 17} Appellant argues that his counsel below was ineffective in several respects. Guided by the aforementioned rules, we will analyze each basis asserted as ineffective assistance of trial counsel.
 1. Failure to Object for Lack of Proper Charging Affidavit {¶ 1} To support his claim of ineffective assistance of counsel, appellant first cites to the fact that his trial counsel did not object to "proceedings that were void ab initio due to lack of a proper charging affidavit in the Ironton Municipal Court." He argues that without such an affidavit, the Ironton Municipal Court lacked jurisdiction. This argument lacks merit.
 {¶ 2} Appellant was initially arraigned in Ironton Municipal Court pursuant to the uniform traffic citation issued by Officer Ross on November 24, 2001, for OMVI. Although the traffic ticket was the complaint against appellant, the officer must present a properly sworn affidavit to the court. The failure to file such an affidavit is a defect that deprives the court of subject matter jurisdiction and cannot be waived by the defendant. See State v. Green (1988), 48 Ohio App.3d 121,548 N.E.2d 334; State v. Miller (1988), 47 Ohio App.3d 113, 547 N.E.2d 399. Subsequently, however, the Lawrence County Grand Jury indicted appellant for OMVI, an elevated third-degree felony due to appellant's previous felony OMVI conviction. See R.C. 4511.19(A)(6). The record before us originates from this indictment. It contains nothing that was presented before the Ironton Municipal Court.
 {¶ 3} Appellant's argument is that his attorney was ineffective by not objecting to the lack of a charging affidavit in the municipal court. Basically, appellant is alleging ineffective assistance of counsel, where the allegations of ineffectiveness (for this matter) are based on facts not appearing in the record. This is not the proper forum in which to raise that argument. See State v. Cooperrider (1983),4 Ohio St.3d 226, 448 N.E.2d 452. "For such cases, the General Assembly has provided a procedure whereby appellant can present evidence of his counsel's ineffectiveness. This procedure is through the post-conviction remedies of R.C. 2953.21." State v. Cooperrider, 4 Ohio St.3d at 228,448 N.E.2d 452. Therefore, if the trial record "does not contain sufficient evidence regarding the issue of competency of counsel, an evidentiary hearing is required to determine the allegation." Id., citingState v. Hester (1976), 45 Ohio St.2d 71, 341 N.E.2d 304.
 {¶ 4} Moreover, even if such evidence were before this Court, it would be of no value because appellant was indicted by the Lawrence County Grand Jury. It was upon the valid grand jury indictment that appellant was arraigned in the Lawrence County Court of Common Pleas and eventually convicted and sentenced. Therefore, even if the municipal court lacked jurisdiction due to the lack of a charging affidavit, this serves as no more than a nullity, since appellant was subsequently indicted by the grand jury and pled guilty to the charges in that indictment. "'[G]rand juries have plenary and inquisitorial powers and may lawfully upon their own motion originate charges against offenders.'"State v. Adams (1982), 69 Ohio St.2d 120, 125, 431 N.E.2d 326, quotingState v. Klingenberger (1925), 113 Ohio St. 418, 425, 149 N.E. 395. In fact, grand juries can indict originally, without a complaint in an inferior court. See State v. Klingenberger, 113 Ohio St. at 426,149 N.E. 395.
 {¶ 5} Thus, the original complaint filed in municipal court does not constitute the basis for appellant's conviction and sentence, and any alleged errors, including the failure to file an appropriate charging affidavit, are harmless and irrelevant as to appellant's convictions based on the grand jury indictment. Therefore, we cannot find that appellant suffered prejudice as a result of his trial counsel's alleged deficiency. Nor do we find that, as to the lack of a charging affidavit, appellant was denied his right to effective assistance of counsel.
 2. Failure to Object to a Fatally Deficient Indictment {¶ 6} Appellant's next argument is that his trial counsel was ineffective because he failed to object to a fatally deficient indictment. This argument requires an analysis of appellant's Second Assignment of Error, which states that "[t]he indictment was fatally deficient to charge an enhanced felony of Driving Under the Influence offense." Therefore, if the indictment was not fatally deficient, it follows that appellant's trial counsel was not ineffective for failing to object to it.
 {¶ 7} In the indictment, the state charged appellant with an enhanced felony OMVI because appellant had previously been convicted of OMVI as a felony. The indictment reads in count one: "DELMAR D. JENKINS, on or about November 24, 2001, at Lawrence County, Ohio, did operate a motor vehicle within the State of Ohio under the influence of alcohol with a concentration of seventeenth-hundredths or more of one gram or more by weight of alcohol per two hundred ten liters of his breath, to-wit: .197, and the said Delmar D. Jenkins having been previously convicted of [OMVI] as a felony, in violation of Section 4511.19(A)(6) of the Ohio Revised Code. Said act occurred in Lawrence County, Ohio, and is contrary to Ohio Revised Code Section 4511.19(A)(6), Driving Under the Influence, F-3."
 {¶ 8} Appellant argues that the indictment did not meet the requirements of R.C. 2941.11, to properly plead the enhanced felony OMVI offense. R.C. 2941.11 provides:
 {¶ 9} "Whenever it is necessary to allege a prior conviction of the accused in an indictment or information, it is sufficient to allege that the accused was, at a certain stated time, in a certain stated court, convicted of a certain stated offense, giving the name of the offense, or stating the substantial elements thereof." (Emphasis added.)
 {¶ 10} Therefore, appellant argues, the indictment was fatally deficient because it did "not allege [appellant] was convicted on a certain date, nor the certain court in which he was previously convicted of a felony [OMVI]. Both the date and court, inter alia, must be pled in the indictment, to sufficiently charge a prior conviction under [R.C.]2941.11." Appellant's argument is misguided.
 {¶ 11} Crim.R. 7(B) provides:
 {¶ 12} "The indictment shall * * * be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be * * * in words sufficient to give the defendant notice of all of the elements of the offense with which the defendant is charged."
 {¶ 13} This rule, in effect, supersedes R.C. 2941.11. See Statev. Midwest Pride IV, Inc. (1998), 131 Ohio App.3d 1, 21, 721 N.E.2d 458, dismissed, appealed not allowed 85 Ohio St.3d 1486, 709 N.E.2d 1214, certiorari denied 528 U.S. 965, 120 S.Ct. 400; State v. Larsen (1993),89 Ohio App.3d 371, 379, 624 N.E.2d 766. Thus, an indictment will be sufficient if it complies with Crim.R. 7(B) and "gives the accused adequate notice that the state will seek to prove the accused had [prior convictions]." State v. Larsen, 89 Ohio App.3d at 379, 624 N.E.2d 766. Therefore, it is unnecessary for an indictment, charging an elevated offense, to allege that the accused was, at a certain stated time, in a certain stated court, convicted of a certain stated offense, as appellant argues. Id.
 {¶ 14} In the case sub judice, the indictment complied with Crim.R. 7(B) by adequately notifying appellant that the state was charging him with the elevated felony OMVI offense. This is clear from the indictment, where it categorized appellant's offense as a third-degree felony (F-3). Because the indictment was sufficient to charge the appellant with the elevated felony OMVI, it was reasonable that appellant's trial counsel refrained from objecting to it. Accordingly, appellant's claim that his trial counsel was ineffective on this matter is without merit. Moreover, because the indictment was not fatally deficient, appellant's Second Assignment of Error is without merit and is overruled.
 3. Trial Counsel's Pretrial Performance {¶ 15} Appellant next argues that his trial counsel was ineffective for failing to do the following: 1) file a motion to suppress a statement made by appellant to the arresting officer, 2) request discovery or a bill of particulars from the State of Ohio, and 3) file a motion to suppress the BAC test, or to contest the stop of appellant by the Ironton Police Department.
 {¶ 16} When considering trial counsel's performance, it is important to remember that the "challenged action might be considered sound trial strategy." Strickland v. Washington, 466 U.S. at 687,104 S.Ct. 2052. Furthermore, when it comes to the filing of motions, counsel's failure to assert a meritless claim does not amount to an ineffectiveness claim. See State v. Wright, Scioto App. No. 01CA2781,2002-Ohio-1462 at ¶ 55. Therefore, "the failure to file a motion to suppress constitutes ineffective assistance of counsel only when the record establishes that the motion would have been successful if made." Id., citing State v. Blagajevic (1985), 21 Ohio App.3d 297, 299-300,488 N.E.2d 495.
 {¶ 17} Upon his trial counsel's advice, appellant made the decision to plead guilty to the charges in the indictment. Therefore, pursuant to his client's decisions, trial counsel may have reasonably believed that filing the motions and requests was unnecessary and frivolous. He could have reasonably believed that it was futile to file a motion to suppress the statement or BAC test based upon the legality of the initial stop. Trial counsel's failure to file such motions or his failure to request discovery or a bill of particulars does not place his performance outside the "wide range of reasonable professional assistance." Strickland v. Washington, supra.
 {¶ 18} Furthermore, appellant has not demonstrated how any of counsel's alleged deficiencies prejudiced him in any way. There is nothing in the record to show, nor does appellant assert, that any of those motions, if filed, would have been successful. Therefore, we cannot find that appellant was prejudiced in any way by the conduct of his trial counsel. Because trial counsel's strategies did not amount to a deficiency, and because appellant failed to show prejudice, appellant's claim of ineffective assistance of counsel on these claimed bases is without merit.
 4. Failure to Present Mitigating Evidence at Sentencing {¶ 19} Appellant's final argument is that his trial counsel was ineffective in that he failed to introduce any mitigating evidence at sentencing. Not only is this argument bare of any legal support in appellant's brief, it is also without any merit.
 {¶ 20} This Court will not engage in second-guessing trial counsel's sound strategic decisions that fall within the "wide range of reasonable professional assistance." Strickland v. Washington, supra. Appellant has not demonstrated why it was unreasonable for trial counsel to abstain from present mitigating evidence at his sentencing. We can postulate several reasonable rationales behind such a decision. It is possible that trial counsel had no mitigating evidence at his disposal to present to the court. Or, since appellant had accepted the state's plea bargain, trial counsel may have felt presenting mitigating evidence was futile. Whatever trial counsel's motivation may have been, we cannot say that it constitutes ineffective assistance of counsel.
 {¶ 21} Furthermore, appellant failed to demonstrate how trial counsel's decision to refrain from presenting mitigating evidence prejudiced him. The record reflects that trial counsel pleaded with the court to impose a lighter sentence than that to which appellant agreed with the prosecution. Moreover, even though the court could have potentially imposed a sentence of up to five years imprisonment on the OMVI charge alone, it accepted the state's recommendation of only three years. Therefore, although trial counsel did not present any mitigating evidence at sentencing, the court's sentence was actually less than what it could have actually imposed on appellant.
 {¶ 22} Because we find that trial counsel's performance was not deficient in any way and that appellant was not prejudiced by that performance, appellant's argument fails. Appellant's First Assignment of Error is overruled.
 B. Appellant's Sentence {¶ 23} In his Third Assignment of Error, appellant argues that the trial court did not take into consideration all of the mandatory factors of R.C. 2929.12 when it sentenced the appellant. He also argues that the court's sentence is "illegal, inappropriate, harsh, and too severe under all of the circumstances." We disagree.
 {¶ 24} Felony sentences must comply with the overriding purposes of sentencing as outlined in R.C. 2929.11. See State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11. That section, in the relevant part, states that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Therefore, in so doing, the sentencing court is to consider (1) the need for incapacitation of the defendant, (2) deterrence of this defendant and others who would commit crime, (3) rehabilitation of the defendant, and (4) restitution to the victim. State v. Dunwoody, supra. See R.C. 2929.11(A). Further, R.C.2929.11(B) requires that the sentence be commensurate with and not demeaning to the seriousness of the defendant's conduct and the impact on the victim. Id.
 {¶ 25} No longer is our review of a trial court's decision regarding sentencing guided solely by the traditional "abuse of discretion" standard. State v. Richards (Feb. 23, 2000), Hocking App. No. 99CA13. Now, a sentencing court abuses its discretion when it fails to consider the appropriate "purposes, array of principles, factors, and presumptions," detailed throughout R.C. 2929.11 et seq. Id., quoting Statev. Carter (July 16, 1999), Lawrence App. No. 99CA43. Therefore, to confirm whether the sentencing court properly exercised its discretion, we must review the record to determine whether the trial court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support its findings; and (4) properly applied the statutory guidelines. State v. Dunwoody, supra.
 {¶ 26} Moreover, our standard of review does not permit us to substitute our judgment for that of the trial court. See State v.Richards, supra. Nor may we defer entirely to the trial court's judgment. Id. Instead, "we must examine the record to ascertain whether `substantial evidence' exists in the record `to support the trial court's conclusions and the sentence it imposed.'" Id., quoting State v.Dunwoody, supra.
 {¶ 27} Appellant pled guilty to a violation of R.C. 4511.19(A)(6), OMVI, having previously been convicted of felony OMVI, a third-degree felony. Appellant also pled guilty to a violation of R.C. 4571.192, driving under suspension, a first-degree misdemeanor. Under R.C.2929.13(C), courts are instructed to consider the purposes of felony sentencing under R.C. 2929.11 and the factors at R.C. 2929.12 before imposing a prison term for a third-degree felony. See R.C. 2929.13(C).
 {¶ 28} R.C. 2929.12 provides in the relevant part that "a court [imposing] a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors * * * of this section relating to the seriousness of the conduct and the factors * * * of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factorsthat are relevant to achieving those purposes and principles ofsentencing." R.C. 2929.12(A). (Emphasis added.) Therefore, we will review the record to determine whether the court, in its discretion, properly considered the seriousness and recidivism factors found in R.C. 2929.12.
 {¶ 29} Upon review of the record, it is evident that the trial court properly weighed the factors that indicate whether the appellant's conduct was more or less serious than conduct normally constituting the offense. See R.C. 2929.12(B),(C). During the sentencing hearing, the court made the following findings with respect to those factors: "under factors more serious [I would find] that this conduct would be indicated [sic] is more serious because it was commenced and occurred while under prior conviction of a Felony [OMVI] while under community control sanctions."
 {¶ 30} While the court found that there were "no factors under less serious to consider," the appellant argues that the factor at R.C.2929.12(C)(3), "the offender did not cause or expect to cause physical harm to any person or property," applies to him. Appellant attempted to make this very argument at the hearing by informing the court that he has no accidents on his driving record. The trial court found this argument preposterous, and we concur. Those who engage in the extremely reckless behavior of driving under the influence of alcohol or drugs never "expect to cause physical harm to [others]." However, in many OMVI situations, those expectations rarely dictate the actual results from that behavior. Therefore, the fact that appellant did not cause, or attempt to cause, harm to persons or property, as he argues, is not the issue with which we are concerned. The issue is whether the sentencing court properly considered the factors under less serious. See R.C.2929.12(C). We believe that it did so and found that none of those factors applied to appellant.
 {¶ 31} Furthermore, the trial court made several findings under R.C. 2929.12(D) and (E), concerning whether the appellant is more or less likely to commit future crimes. The court found, under "more likely," that "this matter was committed while under a community sanction previously imposed." Moreover, the trial court found that the appellant has "a history of criminal convictions relating [sic] to his driving and driving attitudes and record." Specifically, under factor 2929.12(D)(3), the court found that "the defendant has not responded favorably to previous sanctions imposed." Furthermore, under factor 2929.12(D)(4), the court found that there "appears to be an alcohol and drug abuse pattern related to the offense and the offender does not knowledge [sic] that pattern or has refused treatment." Also, under factor 2929.12(D)(5), the court found that appellant showed no genuine remorse for his conduct. Consequently, the trial court correctly found that appellant poses a high likelihood of recidivism.
 {¶ 32} The appellant argues, however, that the trial court failed to consider that this offense was committed under circumstances not likely to recur. R.C. 2929.12(E)(4). We disagree.
 {¶ 33} During the sentencing hearing, the court continuously made reference to appellant's history of OMVI convictions. Furthermore, the sentencing court recognized that appellant's record for such violations is "longer than the proverbial arm" and that appellant "just can't break drinking and driving." This provides ample evidence that the trial court considered whether this offense was committed under circumstances more or less likely to recur.
 {¶ 34} After considering the factors at R.C. 2929.12, the sentencing court considered whether a three-year prison sentence is in accord with the underlying purpose of felony sentencing. The trial court's consideration of the purposes and principals of felony sentencing is evidenced by its statement in the judgment entry that "the Court finds that prison is consistent with the purposes and principles of the sentencing statutes * * *." Furthermore, the court instructed that its sentence was in the middle, between the minimum and maximum allowed under the statute. The court justified this, finding that the shortest term for count one would "demean the seriousness of the offense and does not adequately protect the public." Moreover, the sentencing court found that appellant was not amenable to any community control sanctions.
 {¶ 35} Thus, we find that the sentence imposed is within the statutory limit and that the trial court considered the statutory criteria in reaching its judgment. See State v. Overmyer, Paulding App. No. 11-2000-07, 2000-Ohio-1785. See, also, R.C. 2929.14(A)(3). Furthermore, it is clear that the sentence complies with the overriding purposes and principles of the statute. Therefore, the sentencing court did not abuse its statutory discretion by sentencing appellant to three years imprisonment and a $2,500 fine for the OMVI, as well as six months imprisonment for DUS, to be served concurrently. Appellant's Third Assignment of Error is overruled.
 III. Conclusion {¶ 36} Accordingly, appellant's First, Second and Third Assignments of Error are overruled. The judgment of the Lawrence County Court of Common Pleas is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the LAWRENCE COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLYPOSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.